LILLIAN KAUFMAN, complainant-respondent,

*v.*

PHILIP KAUFMAN, defendant-appellant.

[Submitted May term, 1936.   Decided October 2d, 1936.]

*Mr. Harry J. Weiner,* for the appellant.

*Mr. Louis Orl,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The order appealed from, and the order to show cause on which it is founded, are supplemental to a final decree in favor of complainant in a maintenance suit, which decree was entered January 25th, 1932. On August 7th, 1935, complainant filed a petition, which recited the decree, personal service thereof upon defendant on April 5th, 1935, and refusal of defendant to obey it; and praying an adjudication of contempt. The matter came on for hearing on *ex parte* affidavits, and on the production of an Idaho court record from which it appeared that on March 26th, 1932, two months after the decree in the maintenance suit, the defendant began an action for divorce for desertion in the Idaho court, which was not defended, and obtained a decree of divorce dated April 26th, 1932, based on an affidavit of personal service on complainant wife in Brooklyn, New York. Her affidavit denies service of any papers, and any knowledge of the Idaho proceeding until after the Idaho decree had been entered. The petition in the Idaho case is indefinite in its allegations. It sets up the date of marriage of the parties: "that the plaintiff now is and for more than the required statutory period of time has been a resident of the State of Idaho;" the birth and name of the child; absence of community property, except furniture, &c.; and that "for more than the statutory period of time the defendant" deserted plaintiff and continues so to do. The prayer is for divorce; custody of the child and $12.50 per month for support of the child, to the wife; and award of the community property to her. The decree is dated April 26th, 1932, but was not filed until February 18th, 1933. It will be observed that the petition does not state when the husband became a resident of Idaho, nor when the alleged abandonment by the wife began. *Per contra,* we have the decree of our court of chancery in the present cause, that the husband had abandoned the wife and had continued that abandonment up to January 26th, 1932; and that on that date both parties were domiciled in this

state. It may be added that in June, 1932, very soon after the Idaho decree and months before it was placed on the court files, the defendant returned to New Jersey, and in March, 1935, contracted a second marriage.

The case is submitted on briefs without oral argument. The first point made for appellant is that the Idaho decree should be attacked by bill, and not simply ignored in a petition supplemental to a decree for maintenance. This is apparently the rule in a case where the suit for maintenance is pending. *Fairchild* v. *Fairchild, 53 N. J. Eq. 678, 681; Feickert* v. *Feickert, 98 N. J. Eq. 444.* But we concur in the view of the advisory master in the present case, that the decree entered on January 25th, 1932, was final in its nature, and established the rights of the parties; and that it was for the husband to establish any change in that status, and not for the wife to show its persistence by instituting an attack on a proceeding in another state begun subsequent to the decree. See *Reik* v. *Reik, 109 N. J. Eq. 615,* where the *Feickert Case* is distinguished. This also answers the second point, which is in effect that the method of attack on the Idaho decree is not proper practice.

Point 3 is that the proofs show personal service on the wife of notice of the Idaho suit. The "proofs" are an affidavit of one Max Kaminsky that he made the service. The wife's affidavit, as we have said, denies such service, or any knowledge of the proceeding. Whatever may be the real truth of the matter, we concur in the remark of the learned advisory master, that "a mere reading of the complaint filed by the defendant husband in the State of Idaho, and his own affidavit, clearly show that his pretended ground for divorce alleged in his Idaho complaint must of necessity have arisen in the State of New Jersey, and hence the decree entered by the courts of Idaho contravenes section 33 of the Divorce act of the State of New Jersey" (the *proviso* of which reads that "if any inhabitant of this state shall go into another state, territory or country in order to obtain a decree of divorce for a cause which occurred while the parties resided in this state, a decree so obtained shall be of no force or effect in this state").

Point 4 is that "there was no proof of fraud in the obtaining of the divorce decree in the foreign jurisdiction." We think there was adequate proof, and that fraud is clearly indicated by the facts already outlined.

The fifth and last point is that "the decree of divorce wipes out the decree for maintenance in this state." This is fully covered by what has already been said.

The order under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.